WILLOUGHBY, *Adm'r, v.* HOLDERNESS.

62  227
66  300

A contract that is valid by the established construction of the constitution when the contract is made, is not invalidated by a change of that construction.

ASSUMPSIT, against a town, on a promissory note dated January 22, 1879, and given to the plaintiff's intestate by the town in place of another note for $200, dated September 8, 1862, which was payable to Daniel Lee, and was given him by the town as a bounty for his enlistment in the military service of the United States for three years. Facts agreed. August 25, 1862, under a suitable article in the warrant, the town had voted to pay a bounty of $200. Afterwards, about the time the note was given him, Lee enlisted in compliance with the terms of the defendants' offer. The act of July 9, 1862, *s.* 3 (*c.* 2580), provides that towns may raise money and appropriate the same to encourage voluntary enlistments.

*Pike & Parsons*, for the plaintiff.

*J. L. Wilson* and *Bingham & Aldrich*, for the defendants.

DOE, C. J.    The principle of local government authorizes grants of limited powers of local legislation to towns, but the power of general state legislation cannot be delegated by the senate and house in whom the constitution vests it.    *State* v. *Hayes*, 61 N. H. 264.    Taxation is an equal division of public expense.    Local government necessarily allows taxation to be higher in one town than in another for local purposes, but not for purposes not local. *Gould* v. *Raymond*, 59 N. H. 260, 278; *State* v. *Express Co.*, 60 N. H. 219, 251.    The rule of uniformity is coextensive with the territory in which a tax is assessed, and prevents unjust discriminations.    *Railroad* v. *State*, 60 N. H. 87, 95.    Authority to provide for the prosecution of the war of 1861 was not a power of local municipal legislation, and could not be delegated by the state to the towns.    The expense of the war was not local in its legal character, and an unequal division of it among the towns cannot be constitutionally made by the legislature, or by a delegated power of taxation exercised in some towns and not exercised in others.    *Bowles* v. *Landaff*, 59 N. H. 164, 193, 194.    But in 1862, when Daniel Lee enlisted on the faith of the bounty offered by the defendants, the construction established by general acquiescence was, that an unequal division was legal.    *Crowell* v. *Hopkinton*, 45 N. H. 9; *Stone* v. *Danbury*, 46 N. H. 139; *Huntress* v. *Stratham*, 46 N. H. 409; *Shackford* v. *Newington*, 46 N. H. 415, 422, 423; *Upton* v. *Stoddard*, 47 N. H. 167; *Hilliard* v. *Stewartstown*, 48 N. H. 280; *Kidder* v. *Stewartstown*, 48 N. H. 290; *Knowlton* v. *Sanbornton*, 48 N. H. 333; *Greenland* v. *Weeks*, 49 N. H. 472; *Spaulding* v. *Andover*, 54 N. H. 38, 50; *Pittsburg* v. *Danforth*, 56 N. H. 272.    And the contract made by him and the defendants, being valid by the law as then construed, was not invalidated by the subsequent change of construction.    58 N. H. 623; *Lee County* v. *Rogers*, 7 Wall. 181; *Douglass* v. *County of Pike*, 101 U. S. 677, 686, 687; *Taylor* v. *Ypsilanti*, 105 U. S. 60, 69–72; *New Buffalo* v. *Iron Co.*, 105 U. S. 73; *County* v. *Douglass*, 105 U. S. 728, 732; Dil. Mun. Cor., s. 517.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.